[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
These appeals, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, are not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).[1]
We overrule the first assignment of error because, upon the evidence adduced at trial, a reasonable trier of fact could have reached different conclusions as to whether all of the essential elements of the crime of felonious assault by means of a bludgeon had been proven beyond a reasonable doubt. See State v.Thomas (1982), 70 Ohio St.2d 79, 434 N.E.2d 1356; State v.Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184. To reverse a conviction on the ground that it is not supported by sufficient evidence, a reviewing court must be persuaded, after viewing the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
We overrule the second assignment of error, which raises the issue of the sufficiency of the evidence to prove appellant's possession of cocaine, for the reasons given in our rejection of his first assignment. To the extent that the second assignment also raises the issue of whether the finding of guilt by the court was contrary to the manifest weight of the evidence, it is overruled because we find nothing in the record of the proceedings below to demonstrate that the court, in resolving the question of appellant's individual possession of the cocaine recovered by police, lost its way or created such a manifest miscarriage of justice as to warrant the reversal of the conviction. See Tibbs v. Florida (1982), 457 U.S. 31,102 S.Ct. 2211; State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] Appellant was originally represented by W. Michael Kaiser, who filed his brief on July 2, 1999. Mr. Kaiser, however, died on August 3, 1999, and this court appointed Stephen J. Wenke to present argument on behalf of the appellant.